UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHIQUITA POLITE,

      Plaintiff,

v.                                           Case No. 3:20-cv-1181-MMH-JRK

VPLACE PARTNERS, LLC, a
Florida Limited Liability Company,

      Defendant.
_____/

### REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Joint Motion to Approve Settlement Agreement and Stipulation of Dismissal with Prejudice (Doc. No. 21; "Motion"), filed September 23, 2021, and attached FLSA Settlement Agreement, Waiver, and Release. Motion at Exhibit A (Doc. No. 21-1; "Settlement Agreement"). In the Motion, the parties seek the Court's approval of their Settlement Agreement, and they request that this case be dismissed with prejudice. Motion at 1, 3, 5. The Motion is referred to the undersigned for the issuance of a report

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

and recommendation regarding an appropriate resolution. See Track Notice and FLSA Scheduling Order (Doc. No. 5), entered October 22, 2020, at 3 ¶ 6.

On October 19, 2020, Plaintiff commenced this action by filing a one-count Complaint and Demand for Jury Trial (Doc. No. 1; "Complaint") against Defendant for overtime wage violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). See generally Complaint; see id. at 6-7 (Count I).

Plaintiff alleges she was employed "for Defendant under the title of Administrative Support from October 17, 2018, through May 1, 2019." Id. at 3 ¶ 15.[2] Plaintiff contends that the specific overtime violation was that "Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time[-]period, instead paying Plaintiff her overtime rate for some of her overtime hours, and subsequently paying her nothing at all for the majority of her overtime hours worked." Id. at 4 ¶ 28 (emphasis omitted); see also id. at 6 ¶ 43. Plaintiff also alleges that "Defendant engaged in illegal timekeeping/rounding practices and failed to record all hours when actually worked" and this "illegal practice" was to avoid full payment of overtime wages to Plaintiff. Id. at 4 ¶¶ 29-30.

---

[2] In paragraph 27 of the Complaint, Plaintiff states that "[f]rom May 4, 2004, until April of 2020, Plaintiff regularly worked sixty (60) or more hours per week for Defendant." Compl. at 4 ¶ 27. The dates set forth in paragraph 27 appear to be erroneous. See also id. at 3 ¶ 15 (stating employment ended on May 1, 2019).

2

Defendant appeared in the action and responded to the Complaint on November 19, 2020 (Doc. No. 9), denying the overtime allegations and asserting nine (9) affirmative defenses (while reserving "the right to assert further affirmative defenses as they become evident through discovery").

In accordance with the Court's Track Notice and FLSA Scheduling Order, Plaintiff on December 4, 2020 filed Answers to Court's Interrogatories (Doc. No. 11) in which she claimed $8,387.60 in unliquidated damages and $16,775.20 in liquidated damages.[3] On January 4, 2021, Defendant filed a verified summary of hours Plaintiff worked (Doc. No. 12). Prior to any other litigation or substantive filings, the parties entered into a settlement agreement to resolve Plaintiff's claims. See generally Settlement Agreement.

Under the terms of the Settlement Agreement, Defendant agrees to pay Plaintiff $2,000.00 in alleged unpaid overtime wages; $2,000.00 in liquidated damages; and $6,000.00 in attorneys' fees and costs. Settlement Agreement at 2; see also Motion at 4.

In an FLSA case for "back wage[s] or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after

---

[3] This amount is slightly lower than the original amount alleged in the Complaint. See Compl. at 5 ¶ 35 (alleging $9,032.80 in unliquidated overtime damages; $18,065.60 in liquidated damages).

3

"scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013) (citation omitted); Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

Here, "the [p]arties understand and agree that litigating the issues in this case would be expensive, time consuming, and create much uncertainty for the [p]arties." Motion at 2. The parties state that "[t]he proposed settlement arises in an adversarial context, with litigation ongoing[,] and the [p]arties [were] represented by competent counsel throughout the action." Id. at 4.

In light of the parties' representations, the Court finds that Plaintiff has not impermissibly waived her statutory rights under the FLSA. See Lynn's Food Stores, 679 F.2d at 1354. In assessing the fairness of the Settlement Agreement, the undersigned observes that it contains a release provision. See Settlement Agreement at 3 ¶ 5. "Courts typically disfavor general release clauses in FLSA settlement agreements." DeGraff v. SMA Behavioral Health Servs., 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (citations omitted). Here, however, the release is limited to "all claims, causes of action, claims, debts, costs, expenses, rights, obligations, and liabilities (including attorneys' fees and costs), that P[laintiff] has against any of the Released Parties **under the FLSA** through the date of her signing this [Settlement] Agreement." Settlement Agreement at 3 ¶ 5 (emphasis added).

4

The release is distinguishable from those disfavored by courts, for it "allay[s] any concern that Plaintiff[ ] may be giving up an unknown, but valuable, claim that is completely unrelated to the FLSA claim, and which 'confers an undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee.'" Coleman v. Target Corp., No. 6:12-cv-1315-RBD-GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (unpublished) (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)). Accordingly, the undersigned finds that the release provision here does not undermine the fairness or reasonableness of the Settlement Agreement.

Regarding the award of attorneys' fees and costs, the sum was "negotiated separately and without regard to the amounts to be paid to Plaintiff in settlement of her FLSA claim." Motion at 2, 4; see Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Upon review of the parties' papers and the remainder of the file, the Court finds that the Settlement Agreement, including the award of attorneys' fees and costs, represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. Lynn's Food Stores, 679 F.2d at 1355.[4] After due consideration, it is

---

[4] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorneys' fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness [of such award] is apparent from the face of the

(Continued…)

**RECOMMENDED**:

1. That the Joint Motion to Approve Settlement Agreement and Stipulation of Dismissal with Prejudice (Doc. No. 21) be **GRANTED to the extent** that the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' Settlement Agreement attached as Exhibit A to the Motion.[5]

2. That this case be **DISMISSED WITH PREJUDICE** and the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on October 26, 2021.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

---

documents." King v. My Online Neighborhood, Inc., No. 6:06-cv-435-ACC-JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (unpublished) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ACC-JGG (M.D. Fla. Oct. 31, 2005) (unpublished)). The total fee award sought in this case is not patently unreasonable. In addition, Defendant does not contest the reasonableness of the award, so the Court has not conducted an in-depth analysis of the attorneys' fees sought. Accordingly, the award of attorneys' fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

[5] This recommendation is not intended to suggest that the Court enter judgment against Defendant. Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' Settlement Agreement because, as stated in Lynn's Food Stores, 679 F.2d at 1355, "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed . . . under the FLSA[ ] is a fair and reasonable res[o]lution of a bona fide dispute."

6

```
```

keh
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record